IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID BUSBY, )<br>)<br>Defendant. ) | Case No. 99-CR-020-TCK<br>(02-CV-851-TCK-SAJ) |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 565) filed by Defendant David Busby ("Defendant" or "Busby"). The government filed a response (Dkt. # 585), along with an Appendix (Dkt. # 586). Defendant filed a reply (Dkt. # 688). After receiving leave of Court, Defendant filed an amended motion pursuant to 28 U.S.C. § 2255 (Dkt. # 674). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied and the amended § 2255 motion shall be dismissed with prejudice as time barred.

*BACKGROUND*

On May 27, 1999, Defendant David Busby and 16 co-defendants were charged in a 13-count second superseding indictment (Dkt. # 147). Busby was charged with drug and gun counts. Prior to trial, the Court granted Busby's motion to sever his trial from that of his co-defendants and denied Busby's motions to suppress wiretap evidence and statements made by Busby to law enforcement officials. His jury trial was held from September 27 through September 29, 1999. He was found guilty of Use of a Firearm During a Drug Trafficking Crime (Count 7), Possession of a Controlled Substance With Intent to Distribute (Count 8), and Maintaining a Place for the Purpose of Distributing a Controlled Substance (Count 10). See Dkt. # 266. On January 4, 2000, the Court

sentenced Busby to 151 months imprisonment on Counts 8 and 10, to be served concurrently, and to 60 months imprisonment on Count 7, to be served consecutive to Counts 8 and 10, for a total term of 211 months imprisonment. See Dkt. # 320. He was also sentenced to 5 years supervised release on Counts 7 and 8, to be served concurrently, and to 3 years supervised release on Count 10, to be served concurrently with Counts 7 and 8, for a total term of 5 years supervised release. Judgment (Dkt. # 338) was entered on January 10, 2000. Busby was represented at trial and sentencing by court-appointed attorney Stanley D. Monroe.

Busby appealed to the Tenth Circuit Court of Appeals. He continued to be represented by attorney Stanley D. Monroe. On appeal, Busby raised two (2) grounds of error, as follows: (1) the district court erred in denying his pretrial motion to suppress wiretap evidence allegedly obtained in an illegal telephone tap, and (2) the district court also erred in denying his motion to suppress certain inculpatory statements made by him to police officers. See Dkt. # 519. By Order dated July 3, 2001, the Tenth Circuit found no merit to Busby's arguments and affirmed this Court's Judgment. See Dkt. # 519; United States v. Busby, 2001 WL 744973 (10th Cir. July 3, 2001) (unpublished).

On October 1, 2001, Busby filed a petition for writ of *certiorari* at the United States Supreme Court. See Dkt. # 525. The petition was denied on November 13, 2001. See Dkt. # 532.

On November 12, 2002, Defendant, represented by attorney John J. Garvey, filed the instant § 2255 motion (Dkt. # 565), along with a supporting brief (Dkt. # 566). In the supporting brief, he identifies three (3) grounds of error as follows: (1) Mr. Busby was denied his rights to a fair trial and effective assistance of trial counsel by trial counsel's numerous failures to object to inadmissible evidence, (2) Mr. Busby was denied effective assistance of appellate counsel, who failed to challenge the trial court's denial of his motion for insufficiency of the evidence on possession of a

firearm, and (3) the Court erred in failing to grant defendant's motion for judgment of acquittal on the charge of possession of a firearm in the furtherance of drug trafficking crime. See Dkt. # 566.

The government filed a response to the § 2255 motion, along with supporting exhibits, on March 24, 2003. See Dkt. #s 585, 586. On April 12, 2005, after receiving leave of Court, Defendant filed an amended § 2255 motion (Dkt. # 674). In the amended motion, Defendant asserts that he is entitled to a reduced sentence based on decisions by the Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).

## *ANALYSIS*

### A. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

### B. Claim in amended § 2255 motion is untimely

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

>collateral review; or
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on November 13, 2001, when the Supreme Court denied his petition for writ of *certiorari*. See Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004). Thus, Defendant had until November 13, 2002, to file a timely § 2255 motion. Defendant filed his original motion on November 12, 2002, or only one (1) day before the deadline. Defendant's amended § 2255 motion was not filed until April 12, 2005,[1] or well after expiration of the one-year limitations period. Thus, the Court is precluded from considering the claim raised in the amended § 2255 motion unless it "relates back" to the original § 2255 motion or Defendant demonstrates entitlement to statutory or equitable tolling of the one-year period.

Pursuant to Fed. R. Civ. P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). "Relation back" causes an otherwise untimely claim, such as Defendant's claim in this case, to be considered timely by treating it as if it had been filed when the timely claims were filed. Therefore, the claim in Defendant's motion to amend will relate back and be considered timely if it "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.

---

[1] Defendant filed his motion to amend (Dkt. # 666) on February 14, 2005.

The claim raised in the amended § 2255 motion does not serve to clarify the original § 2255 claims. Instead the claim is new, totally separate and distinct "in both time and type" from those raised in his original motion. See Mayle v. Felix, 545 U.S. 644 (2005) (discussing interaction of Federal Rules of Civil Procedure and habeas corpus rules and finding that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"); United States v. Espinoza-Saenz, 235 F.3d 501, 504-505 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341, 1344-1345 (11th Cir. 2000); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). Because a majority of amendments to § 2255 motions raise issues which relate to a defendant's trial and sentencing, to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period. See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (stating that to allow untimely amendments bringing new claims arising out of the same trial proceeding as the original claims, "would undermine the limitations period set by Congress in the AEDPA"); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (holding that granting motion to amend "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). Therefore, under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save Defendant's new claim asserted in the amended § 2255 motion.

The Court further finds that Defendant cannot benefit from subsection (3) of § 2255 ¶ 6, providing that the limitations period may commence on the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Supreme Court's holdings in Blakely and Booker have not been made retroactively applicable to cases on collateral review.

5

Defendant's conviction was final on November 13, 2001, or well before the Supreme Court issued Blakely on June 24, 2004, or Booker on January 12, 2005. The Supreme Court has not made Blakely "retroactively applicable to cases on collateral review." § 2255(3). See also United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued). Similarly, the Supreme Court expressly applied its holding in Booker only to cases on direct review. Booker, 543 U.S. at 268. That Court did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply Booker retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions). Therefore, neither Blakely nor Booker serves as a basis for restarting Defendant's one-year limitations period. See United States v. Harms, 138 Fed.Appx. 101 (10th Cir. 2005) (unpublished). His § 2255 limitations period began when his conviction became final, on November 13, 2001, rather than the dates Blakely and Booker issued.

In addition, Defendant has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling. See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The habeas petitioner must also plead with "specificity regarding the alleged lack of access

and the steps he took to diligently pursue his federal claims." <u>Miller</u>, 141 F.3d at 978. In this case, Defendant has not provided an explanation for his lack of diligence in raising the claim identified in the amended § 2255 motion. As a result, the Court concludes that Defendant's claim raised in the amended § 2255 motion is untimely. For that reason, the amended § 2255 motion shall be dismissed with prejudice as barred by the statute of limitations.

**C. Section 2255 claims**

As stated above, Busby identifies three (3) claims in his brief in support of his 28 U.S.C. § 2255 motion. <u>See</u> Dkt. # 566. Having reviewed the motion and supporting brief, the Court finds that, for the reasons discussed below, the claims either lack merit or are procedurally barred.

*1. Ineffective assistance of counsel claims lack merit*

Defendant alleges his attorney provided ineffective assistance, both at trial and on appeal. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Osborn v. Shillinger</u>, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. <u>Strickland</u>, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." <u>Id.</u> at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 690. Moreover, review of counsel's performance must be highly deferential. <u>Id.</u> "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Id.</u> at 689. Counsel is not constitutionally ineffective for

failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

**a. ineffective assistance of trial counsel**

As his first proposition of error, Defendant complains that his attorney provided ineffective assistance in failing to object to opinion testimony of Officer Claramunt concerning the nexus between guns and drug dealers. The allegedly objectionable testimony concerned guns and drugs recovered from the storage unit rented by Busby's girlfriend, Ravin Robinson. See Dkt. # 566. Applying the Strickland standard, the Court finds that counsel did not perform deficiently at trial. The officer testified that during the search of the storage unit, undertaken pursuant to a search warrant, he assisted in the recovery several handguns and ammunition, two (2) sets of scales, ziploc baggies, and multiple baggies containing a white powdery substance. During the direct examination of Officer Claramunt by the prosecutor, the following exchange took place:

Q: The quantities of the cocaine and the crack cocaine that are displayed here in Exhibit Number 22, are they consistent with personal use, sir?

A: No, sir.

Q: What are they consistent with, based on your training and experience?

A: My training and experience within the Tulsa area would be a mid-level cocaine dealer.

Q: Is that based on just the amounts or anything else that you recovered from that storage unit?

> A: Based upon the amounts of cocaine and the firearms recovered and the scales.
>
> Q: You mentioned firearms, sir. Do firearms in relation to drugs mean something to you, sir?
>
> A: I would call them tools of the trade.
>
> Q: In your training and experience, sir, have you come across firearms in relation to drug trafficking crimes?
>
> A: Many times, sir.
>
> Q: And based on your training and experience, do you have an opinion as to why drugs are associated – or firearms are associated with drugs?
>
> A: Yes, sir.
>
> Q: What is that opinion, sir?
>
> A: Firearms are associated with drug dealers or drugs in that dealers possess them to protect their product from either law enforcement or from being ripped off from other people aware of where they keep their drugs, maybe. They also take drugs in weapons – I'm sorry. They take weapons in as trade for drugs. If they don't have cash, a lot of people sometimes will pawn their drugs (sic) which they either own or they steal.

(Dkt. # 586, Ex. 3, Tr. Trans. at 166-67).

That exchange demonstrates that the Officer's opinion testimony connecting guns and drug dealers was not objectionable because it was based on the officer's experience and training relative to narcotics investigations. "Under Federal Rule of Evidence 702, a person with 'specialized knowledge' qualified by his or her 'knowledge, skill, experience, training, or education' may give opinion testimony if it will assist the trier of fact to understand the evidence or to determine a fact in issue." United States v. Johnson, 488 F.3d 690, 698 (6th Cir. 2007). In Johnson, the Court held that an officer who worked on narcotics investigations nearly his entire fourteen-year career, routinely made undercover drug purchases, set up surveillance and observed individuals trafficking

in narcotics interacting in the field "was qualified [under Fed. R. Evid. 702] by his experience to interpret the street conduct he observed" for jurors. Id. The Court noted that the illegal drug trade is among the "innumerable trades and practices that employ ... unique devices, feints, and codes that may mean nothing to the untrained observer but may speak volumes to a maven qualified by experience or training," and found that the officer's testimony helped jurors understand the evidence. Id. Like the officer in Johnson, Officer Claramunt testified that he had worked narcotics vice investigations for 12 years. See Dkt. # 586, Ex. 3 Tr. Trans. at 148. Eight of the 12 years were with the special investigation division, and focused on large-scale narcotic dealers within the Tulsa area. Id. He also testified that he attended probably 20 different schools and received instruction on use, sales, packaging and transportation of controlled drugs. Id. In light of his experience and the relevance of his testimony to the question of whether there was a connection between the guns and narcotics recovered at the storage unit, an objection to Officer Claramunt's opinion testimony would have been futile. Even if counsel for Mr. Busby had objected to the Officer's comments, the objection would have been overruled. Thus, counsel did not provide ineffective assistance in failing to lodge an objection.

Next, Busby complains that his trial counsel provided ineffective assistance in failing to object to the admission of evidence recovered from the storage unit and for failing to argue that the government had failed to connect the guns to the drugs found in the storage unit. The Court finds that counsel did not perform deficiently. Prior to executing the search warrant, the police officers obtained permission from Ms. Robinson to enter the storage unit. See Dkt. # 586, Ex. 3, Tr. Trans. at 148-149. The search warrant included authorization for the lockbox within the storage unit. Id. at 159-60. Thus, there was no sound legal basis for seeking suppression of the evidence recovered

from the storage unit. Counsel did not perform deficiently in failing to object to admission of the evidence. Significantly, Busby admitted to police officers that the drugs and guns recovered from the storage unit belonged to him and the Court ruled that his admission was voluntary and admissible into evidence. Id. at 43-45.

The record also reflects that Busby's trial counsel tried to minimize the connection between the drugs and the guns. During his cross-examination of Officer Claramunt, he asked if the guns and scales found in the storage unit could have had legitimate uses, id. at 171-74, and obtained testimony from the officer that just because someone possesses drugs and guns does not mean that the drugs and guns are connected to each other, id. at 172-73. Trial counsel also objected to the lack of a connection between the guns and the drugs during argument on the Rule 29 motion for acquittal. See id. at 179-80. The motion was overruled. Id. Based on that record, the Court cannot find that trial counsel performed deficiently in failing to challenge the connection between the guns and drugs.

Busby also claims that his counsel provided ineffective assistance at trial in failing to elicit an explanation for the lack of fingerprint evidence from the guns. As noted by the government, however, Busby admitted ownership of the guns. As a result, it was not necessary to obtain fingerprint evidence. Counsel did not perform deficiently in failing to obtain an explanation for the lack of fingerprint evidence.

Lastly, Busby complains that his trial counsel provided ineffective assistance in failing to develop a sound trial strategy and in failing to put on any evidence. Busby fails to identify what evidence his attorney should have put on or what trial strategy he should have followed. Furthermore, the decision to not have Busby testify was sound trial strategy in light of Busby's prior criminal history. See Dkt. # 586, Ex. 2 at ¶ 8. Busby has failed to demonstrate that the outcome of

his trial would have been different had his attorney called witnesses or followed a different strategy. Therefore, even if counsel performed deficiently, Busby has failed to satisfy the prejudice prong of the Strickland standard.

### b. ineffective assistance of counsel on appeal

As his second proposition of error, Busby complains that his attorney provided ineffective assistance by failing to argue on appeal that his conviction for violation of 18 U.S.C. § 924(c) was supported by insufficient evidence. When a defendant alleges his appellate counsel provided ineffective assistance by failing to raise an issue on direct appeal, the court examines the merits of the omitted issue. Cook, 45 F.3d at 392. If the omitted issue is without merit, counsel's failure to raise the issue does not constitute constitutionally ineffective assistance of counsel. Id. at 393.

The Court has reviewed the omitted claim and finds it to be without merit. Under the test for evaluating the sufficiency of the evidence, as announced by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979), the evidence, taken as a whole, and viewed in the light most favorable to the government, was sufficient for the jury to find beyond a reasonable doubt that Busby was guilty of use of a firearm during a drug trafficking crime as charged in Count 7. As a result, Busby's claims that his appellate counsel provided ineffective assistance in failing to argue on direct appeal that the government's evidence was insufficient to support the 924(c) conviction and that the trial court erred in denying the Rule 29 motion for acquittal on the § 924(c) charge are without merit. There was sufficient evidence supporting the § 924(c) conviction to satisfy the Jackson standard. Testimony at trial established that cocaine and drug paraphernalia were found in the storage unit and that the cocaine was being stored and packaged for subsequent distribution rather than for personal use. The testimony also established that several guns, one of which was

loaded, along with a bag containing ammunition for the guns, were found in close proximity to the drugs.[2] Busby admitted that he owned the guns. That evidence was sufficient for the jury to find beyond a reasonable doubt that Busby had strategically placed a loaded firearm near a drug stash as a means to safeguard the contraband, and had "used" that weapon during a drug trafficking offense within the meaning of § 924(c). See United States v. Lott, 310 F.3d 1231, 1247 (10th Cir. 2002). As a result, Busby has failed to demonstrate that the result of his direct appeal would have been different had his attorney raised a challenge to the sufficiency of the evidence supporting the § 924(c) conviction on direct appeal. He is not entitled to relief on his ineffective assistance of appellate counsel claim.

In summary, the Court finds Busby has failed to satisfy the Strickland standard as to his attorney's assistance provided at trial and on appeal. Defendant's attorney did not perform deficiently in failing to object at trial or in failing to raise the omitted claim on direct appeal because the claim lacks merit. Furthermore, nothing alleged by Defendant convinces the Court that the outcome of the trial or direct appeal would have been different without the incidents of alleged deficient performance by counsel. As a result, Defendant has failed to satisfy the Strickland standard and Defendant is not entitled to § 2255 relief on his ineffective assistance of trial and appellate counsel claims. Strickland, 466 U.S. at 687.

---

[2] The fact that Busby stored his guns in close proximity to the drugs distinguish this case from that of one of his co-defendants, Sidney Iiland. United States v. Iiland, 254 F.3d 1264 (10th Cir. 2001) (reversing § 924(c) conviction because there was no evidence that the gun and drugs were ever kept in the same place or that the defendant ever kept the gun accessible when conducting drug transactions).

### *2. Claim that could have been but was not raised on direct appeal is procedurally barred*

As his third proposition of error, Defendant alleges that the Court erred in failing to grant his motion for judgment of acquittal on the charge of possession of a firearm in the furtherance of a drug trafficking crime. This issue could have been but was not raised on direct appeal.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). As a result of Defendant's failure to raise the claim on direct appeal, it is procedurally barred unless Defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). The procedural default rules developed in the context of § 2254 habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n.15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence or a change in the law. Id. Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default. Cook, 45 F.3d at 392. As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In the brief in support of his § 2255 motion (Dkt. # 566), Defendant argues as "cause" that

his counsel provided ineffective assistance in failing to raise the claim on appeal. However, as discussed in more detail above, counsel did not provide ineffective assistance on appeal in failing to raise this challenge to the sufficiency of the evidence supporting the § 924(c) conviction. Therefore, Busby has failed to demonstrate "cause" to overcome the procedural bar.

Under the fundamental miscarriage of justice exception, a defendant may obtain review of his defaulted claims by alleging actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 506 U.S. at 316. Defendant has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Defendant does not state that he is actually innocent of the crimes for which he was convicted. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case. The Court concludes that Defendant's challenge which could have been but was not raised on direct appeal shall be denied as procedurally barred.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's amended § 2255 motion (Dkt. # 674) is **dismissed with prejudice** as barred by the one-year statute of limitations.

2. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 565) is **denied**.

3. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 22nd day of August, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE